IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

JORGE DEL SOL HERNANDEZ,        )
                                )
        Plaintiff,               )
                                )
vs.                              )   CV-01-PT-0578-E
                                )
CAPTAIN O. BARAT, et al.,        )
                                )
        Defendants.              )

**ENTERED**
DEC 19 2001

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on November 14, 2001, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b). [Doc. #15]. The plaintiff filed objections to the report and recommendation on November 30, 2001. [Doc. #16]

In his objections to the initial report and recommendation, the plaintiff states that the court misinterpreted his excessive force claim. He contends that the issues in the complaint are based upon "the [prison] official's decision to force [him] to attend the UDC hearing, when [he] had the right not to appear." The plaintiff asserts that the prison administration's actions in that regard violated 28 C.F.R. § 541.15(c). However, the mere fact that agency regulations or procedures have been violated does not by itself raise a constitutional issue. *United States v. Caceres*, 440 U.S. 741, 99 S. Ct. 1465, 59 L. Ed. 2d 733 (1979); *Caruth v. Pinkney*, 683 F.2d 1044 (7th Cir. 1982).

Accordingly, the plaintiff's contention that the defendants violated 28 C.F.R. § 541 does not establish a cognizable constitutional claim.[1]

According to the objections filed by the plaintiff, the magistrate judge's report and recommendation incorrectly stated that the plaintiff was treated in the prison infirmary for injuries sustained in the altercation. However, the plaintiff admits, and the exhibits to the complaint show, that the plaintiff was treated by a physician following the incident. The fact that the treatment did not take place in the infirmary would not change the decision previously reached by the magistrate judge in this matter.

To the extent the magistrate judge's report and recommendation failed to address the plaintiff's state law tort claims, the court declines to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(c)(3). Therefore, any and all state law claims asserted by the plaintiff in this matter are due to be dismissed, without prejudice.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b). Any and all supplemental state law claims are due to be dismissed, without prejudice, pursuant to 28 U.S.C. § 1367(c)(3). A Final Judgment will be entered.

---

[1] To the extent the plaintiff attempts to state an excessive force claim premised upon the use of force by the officers during the attempt to move him from the cell, it is barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), due to the fact that his conviction for assault has not been set aside.

DATED this 19TH day of December, 2001.

ROBERT B. PROPST
SENIOR U.S. DISTRICT JUDGE

3